IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BILLY COATS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0149 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent.[1] | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION
## FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner BILLY COATS. By his habeas application, petitioner challenges an October 8, 2002 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of engaging in a fight without a weapon. Petitioner was punished with the forfeiture of 30 days previously accrued good time credits.[2]

Following the finding of guilt in the disciplinary proceeding, petitioner filed a Step 1 grievance which was denied on November 4, 2002. Petitioner then filed a Step 2 grievance which was denied on December 3, 2002. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas

---

[1] The previously named respondent in this action was Janie Cockrell who has since been succeeded by Douglas Dretke as Director of the Texas Department of Criminal Justice, Institutional Division. Under Federal Rule of Civil Procedure 25(d)(1), Douglas Dretke "is automatically substituted as a party."

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

corpus should be DENIED.

## I.
## PROCEDURAL HISTORY

Respondent DOUGLAS DRETKE has lawful and valid custody of petitioner pursuant to a judgment and sentence out of the 43rd Judicial District Court of Parker County, Texas, in Cause No. 9741, for the felony offense of possession of a controlled substance. It is unclear from the pleadings if petitioner pleaded guilty to the offense or was found guilty either by a judge or jury. However, sometime in July of 1987, petitioner avers he was sentenced to fifteen (15) years imprisonment in the Texas Department of Criminal Justice.

On or about October 3, 2002, petitioner was accused, in Disciplinary Case No. 20030033348, with an offense, specifically, fighting or assaulting an offender without a weapon. On October 8, 2002, a disciplinary hearing was held. Petitioner was found guilty of the charged offense based on the offense report and testimony. The punishment assessed included a 45 day recreation and commissary restriction, a reduction in line class status from a L2 to L3, and the loss of 30 days of good time credits.[3]

## II.
## GROUNDS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20030033348 in the following respects:

    A.    TDCJ-ID imposed upon petitioner an atypical and significant hardship in that they only had 2 officers assigned to watch 210 inmates and such resulted in petitioner not being allowed to exercise his First Amendment rights after he was pursued by an aggressive offender;

---

[3]See footnote Number 2.

    B.      The other offender in the altercation verbally admitted to hitting petitioner in the face and memorialized such statement in writing;

    C.      The warden at the prison placed a letter in petitioner's file stating petitioner acted in self defense; and

    D.      Petitioner claims because he was not the aggressor in the fight, he should not have been disciplined according to the disciplinary guidebook.

### III.
### PETITIONER'S CLAIMS ARE NOT COGNIZABLE IN A HABEAS ACTION

As a preliminary matter, petitioner stated in his petition that he has not presented these claims in either the Step 1 or Step 2 the grievance procedure. Specifically, petitioner said, "Grounds 1-4 are for first amendment right to defend self from agressive (sic) offender. This [is] the first petition for relief since exhausted grievance appeal." Petitioner's Habeas Application at 8. In fact, upon review of petitioner's Step 1 and 2 grievances, and construing such liberally, it appears petitioner did present some of the claims presented herein, albeit not in the context of a first amendment right. This Court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2). Since petitioner's claims are not cognizable in a federal habeas application, the Court will not dismiss based upon any procedural bars.

Petitioner first appears to complain of prison officials failure to protect him due to the disparity between the number of officers and the number of inmates. Such a claim alleges a civil rights violations and is not cognizable in a federal habeas corpus action. To the extent petitioner raises such claim to demonstrate that he was justified in his actions, *i.e.* assault and/or fighting, such claim is more in the nature of a challenge to the sufficiency of the evidence, a claim addressed below.

IV.
### MERITS

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

It is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

The records in the instant cause establish petitioner received the procedural due process guaranteed by *Wolff*. Petitioner was given advance written notice of the charges against him, he was appointed a counsel substitute to represent him, he was advised of his right to call witnesses and to present documentary evidence, and he appeared at the disciplinary hearing. The records contain a written statement of the fact finder setting forth the evidence relied upon in reaching the determination of guilt, as well as the reasons for the particular punishment

imposed. Petitioner was not denied procedural due process with regard to the disciplinary proceeding and he has not alleged such was the case.

Treating the remainder of petitioner's claims as a sufficiency of the evidence challenge, it is well-settled that federal courts do not review the sufficiency of the evidence at a disciplinary hearing. Sufficient support for a finding of guilty is provided by "some facts" or "any evidence at all." *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir.), *cert. denied*, 476 U.S. 1117 (1986); *See also Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981)(courts must see "'whether any evidence at all' supports the action taken by the prison officials").

The disciplinary hearing officer considered the offense report and testimony at the hearing, and made a notation that the other offender involved in the altercation required medical care. The reports and/or testimony relied upon by the hearing officer constitute "some evidence," and further support, at least for purposes of federal habeas review, a finding that petitioner engaged in the conduct alleged.

The Court finds that the rights set forth in *Wolff* have not been abridged, and that there was "some evidence" to support the disciplinary hearing officer's decision. Based upon the foregoing, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas corpus application challenging alleged due process violations in a prison disciplinary case should be DENIED.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner BILLY COATS be DENIED.

## VI.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of June 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).